[Cite as *In re C.W.*, 2016-Ohio-4834.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF C.W. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| DELINQUENT CHILD | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 15CA113 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2015-DEL-373


JUDGMENT:       Appeal Dismissed


DATE OF JUDGMENT:       July 5, 2016


APPEARANCES:

For Appellant

DANIEL M. ROGERS
38 South Park Street
Mansfield, OH  44902

For Appellee

JOHN A. BOYD
1 Marion Avenue
Suite 215
Mansfield, OH  44903

*Farmer, P.J.*

{¶1}   On April 17, 2015, a complaint was filed in the Court of Common Pleas of Ashland County, Ohio, Juvenile Division, alleging appellee, C.W., a juvenile, to be a delinquent child by having committed six counts of rape in violation of R.C. 2907.02 and four counts of gross sexual imposition in violation of R.C. 2907.05 if committed by an adult.  All ten counts carried serious youthful offender specifications pursuant to R.C. 2152.11.  Said charges arose from incidents involving appellee and his five year old niece.

{¶2}   On May 4, 2015, appellee appeared in the Ashland County Juvenile Court and admitted and pled guilty to a bill of information listing three counts of rape and two counts of gross sexual imposition, each containing a serious youthful offender specification.  By judgment entry filed May 29, 2015, the Ashland County Juvenile Court transferred the case pursuant to Juv.R. 11 to the Court of Common Pleas of Richland County, Ohio, Juvenile Division, the trial court herein, for disposition due to appellee being in the custody of the Richland County Children Services under a previous court order.

{¶3}   On August 11, 2015, appellant, the state of Ohio, filed a motion to transfer, requesting the return of the case to Ashland County.  By amended opinion and judgment entry filed October 6, 2015, the trial court denied the motion.

{¶4}   On December 11, 2015, appellant filed a memorandum in support of imposition of serious youthful offender specifications.

{¶5}   A dispositional hearing was held on December 15, 2015.  By amended judgment entry filed December 21, 2015, the trial court declined to impose a serious youthful offender blended sentence, and committed appellee to the Department of Youth Services for a total aggregate term of seven years to age twenty-one.

{¶6}   On December 29, 2015, appellant filed a notice of appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}   "THE TRIAL COURT ERRED WHEN IT EXERCISED JURISDICTION OVER APPELLEE'S CASE DESPITE THE CASE BEING IMPROPERLY TRANSFERRED."

II

{¶8}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE SYOS, AS THE RISKS AND FAILURES ASSOCIATED WITH THE DISMISSAL OF THE SYOS FAR OUTWEIGHED ANY BENEFITS."

{¶9}   At the outset, it is important to review whether appellant properly invoked this court's jurisdiction.  R.C. 2945.67 governs appeal by state and states the following in pertinent part:

> A prosecuting attorney***may appeal as a matter of right***any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict***of the juvenile court in a delinquency case.  In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney***may appeal,

in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

{¶10} R.C. 2953.08(B) states:

(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney***may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.

(2) The sentence is contrary to law.

(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

{¶11} The trial court's denial of the motion to transfer and therefore exercise jurisdiction is not a decision contemplated in R.C. 2945.67 as granting the prosecutor the ability to appeal "as a matter of right."  In addition, in its appellate brief at 10, appellant acknowledges the serious youthful offender specifications were "discretionary, rather

than mandatory, pursuant to R.C. 2152.11."  Therefore, the trial court's decision to not impose a serious youthful offender blended sentence at disposition does not fall under R.C. 2945.67 of R.C. 2953.08(B).

{¶12}  As a result, appellant was required to follow the mandates of App.R. 5(C) which states the following:

**(C) Motion by Prosecution for Leave to Appeal** When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court.  The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims.  Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals.  The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file

affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.

{¶13}  A review of the docket and appellant's December 29, 2015 notice of appeal establishes appellant did not follow the dictates of App.R. 5(C); therefore, this court lacks jurisdiction to entertain this appeal.

{¶14}  The appeal is dismissed on jurisdictional grounds.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 613